# EXHIBIT A

Teddy C. Strickland, Jr., Esquire, ID#009712011
## PENDER & STRICKLAND, LLC
1601 Atlantic Avenue, Suite 700
Atlantic City, New Jersey 08401
(609) 710-1601
Attorney for Plaintiffs

|  |  |
|---|---|
| THOMAS DERESSA; ERMIAS HAILE, <br><br> *Plaintiff,* <br><br> v. <br> HARRAH'S RESORT ATLANTIC CITY; HADER RIVAR, JR.; JOHN DOES 1-10; ABC ENTITY; JANE DOES 1-10; ABC PARTNERSHIPS 1-10; XYZ CORPORATIONS 1-10. <br><br> *Defendants.* | *STATE OF NEW JERSEY* <br> *SUPERIOR COURT CIVIL DIVISION* <br> *ATLANTIC COUNTY* <br><br><br> Docket No.: ATL-L- <br><br><br><br> **COMPLAINT** |

Plaintiffs, Thomas Deressa, residing at 2480 16th Street NW, Washington, DC and Ermias Haile, residing at 5260 Duke Street, Alexandria, VA, by way of complaint against the defendants named herein hereby states:

## FIRST COUNT

1.      On or about April 29, 2022, plaintiffs, Thomas Deressa and Ermias Haile, were invitees of defendant Harrah's Resort Atlantic City at its place of business located at 777 Harrahs Boulevard, Atlantic City, New Jersey.

2.      At the aforesaid place and time, plaintiffs were at or on the above-mentioned property when they were assaulted by various individuals, some unknown at this time, who are included herein as John Does, including but not limited to defendant HADER RIVAR, JR., resulting in various damages.

3.      Plaintiffs allege that an insufficient amount of time within which to determine the identify of any other persons or business entities who may be responsible for the causation of this incident.  Said persons and business entities have been named as "John Joe, May Doe, ABC Partnership and XYZ Corporation."  Plaintiffs reserve the right to amend the Complaint if their identities become known.

4.      On the aforementioned date, defendants HARRAH'S RESORT ATLANTIC CITY specifically, and/or through their employees, agents and/or representatives, had a duty to take reasonable steps, measures and precautions to provide a reasonably safe environment and experience on the premises for plaintiffs as invitees.

5.      Defendant HARRAH'S RESORT ATLANTIC CITY and/or their employees, agents and/or representatives breached their aforementioned duties, including but not limited to their duty to provide adequate security on the premises, by including but not limited to failing to provide adequate security to protect invitees from harm, including but not limited to criminal acts such as those plaintiffs were subjected to.

4.      At all relevant times herein, defendant HARRAH'S RESORT ATLANTIC CITY employees, agents and/or representatives were acting in the scope of their employment for defendant.

5.      At all relevant times herein, defendant HARRAH'S RESORT ATLANTIC CITY employees, agents and/or representatives were the employees/agents/servants of defendant.

6.      Defendant HARRAH'S RESORT ATLANTIC CITY negligently hired, failed to adequately train, negligently retained and negligently supervised defendant employees, agents and/or representatives.

7.      Defendant HARRAH'S RESORT ATLANTIC CITY employees, agents and/or

representatives acted negligently and recklessly, including but not limited to failing to carry out their duties as security personnel, and failing to provide a reasonably safe environment and experience for plaintiffs.

8.      Defendant HARRAH'S RESORT ATLANTIC CITY is responsible for all of the defendant HARRAH'S RESORT ATLANTIC CITY employees', agents' and/or representatives' acts and failures to act under a theory of *respondeat superior*.

9.      The aforesaid acts and/or failures to act of all defendants were the proximate cause of plaintiffs' injuries.

10.      As a result of the acts, carelessness and negligence of the defendants herein, plaintiffs sustained, and will in the future sustain, damages, including but not limited to, physical injuries, mental injuries, various economic losses, disabilities, impairments, losses of enjoy of life and pain and suffering.

11.      Notwithstanding plaintiffs' timely request for same, defendant HARRAH'S RESORT ATLANTIC CITY has failed to provide plaintiffs access to pertinent evidence, including but not limited to video surveillance, and other investigative materials in the exclusive possession of defendant, which would permit plaintiffs to further investigate the liability of defendants, causing plaintiffs to incur various costs, including but not limited to the cost of this filing.

**WHEREFORE**, plaintiffs demand judgment against the defendants for damages, interest and costs of suit.

## JURY DEMAND

The plaintiffs hereby request a trial by jury as to all issues referred to in the Complaint.

## CERTIFICATION

I certify that this matter is not the subject of any pending lawsuit or arbitration. I further certify that no other parties should be joined in this action.

## DEMAND FOR ANSWERS TO INTERROGATORIES

The plaintiffs hereby demand that the defendants answer Form C and C2 Interrogatories within the time prescribed by the Rules of Court.

## NOTICE TO PRODUCE

1.      All photographs and/or videos pertaining to the incident in question.

2.      All photographs and/or videos taken of the incident scene as a result of the incident in question, or that may be relevant to the incident in question.

3.      All discovery pertaining to repairs or alterations made as a result of the incident in question.

4.      Statements obtained by the defendant or defendant insurance carrier from its insured or any other person pursuant to Pfender v. Torres.

5.      Attach a copy of declaration page of all insurance policies which may provide coverage for this incident, including umbrella policies, policies held by employers, excess policies or the like.

6.      Any and all statements made by any witnesses to the events described in all the paragraphs of plaintiff(s)' Complaint and defendant(s)' Answer.

7.      Any and all statements made by any person(s), including, but not limited to eyewitnesses which relate or refer in any way to the incident described in plaintiff(s)' Complaint and defendant(s)' Answer.

8.      Any and all statements, reports, writings, letters, documents and/or papers made, completed, or signed by any party to this lawsuit, whether written or oral, including any co-plaintiff(s), or co-defendant(s), their agents, representatives or employees.

9.      All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witnesses with whom defendant(s) intend(s) to call at trial.

10.     The name and address of each defendant(s) insurance carrier(s); the amount of coverage for personal injury liability, property damage liability, medical payments, liability; and the name

and address and policy number of the insurance company providing umbrella and/or excess coverage, and a complete copy of the aforementioned policies.

11.     All statements, memoranda, memos, correspondence, etc. sent to, received by and/or exchanged between the parties to this law suit and all co-defendants relative to the subject matter of the pending litigation, all written reports or summaries of oral reports, as well as a copy of the curriculum vitae of all experts that have supplied reports to the defendant's attorney, all hospital/medical records of any type whatsoever relating to any of the plaintiff(s)' hospitalizations or treatments in the possession of the defendant(s), his/her insurance company or his/her attorneys and any such records that may have been obtained pursuant to N.J.S.A. 2A:82-41, et seq.

12.     A complete copy of any nursing notes, doctors' notes/reports and/or documents reflecting medical treatment received by plaintiff(s) at defendant(s) premises, as a result of plaintiff(s)' incident/accident.  If any ambulances were involved, attach hereto copies of any and all ambulance records.

13.     A copy of any audio tape, video tape, transcription notes, writings, memorandum and papers made in the course of the conversations with plaintiff(s) or anyone on plaintiff(s)' behalf.

14.     A copy of any photographs, motion pictures, video tapes, etc. that constitute surveillance that was taken of the plaintiff(s) by the defendant(s), his/her attorney(s), investigator(s), or any other type of insurance company representative, employee or agent.  Please note that this is a continuing demand.  The aforesaid should be supplied within seven (7) days of the completion of the surveillance.

15.     Copies of any expert reconstruction reports relating to the happening of the accident.

16.     Any blueprints, charts, diagrams, drawings, grafts, maps, plats, plans, photographs, models, anatomical exhibits or other visual reproductions of any object, place or thing prepared, utilized by, referred to or relied upon by any of defendant(s)' expert witnesses.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Teddy C. Strickland, Jr., Esquire is hereby designated as trial counsel in the above-captioned litigation on behalf of plaintiff.

PENDER & STRICKLAND, LLC

By:     _Teddy C. Strickland, Jr._

Teddy C. Strickland, Jr., Esquire
Attorney for plaintiff

Dated: 04/24/2024

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000857-24

**Case Caption:** DERESSA THOMAS  VS HARRAHS RESORT ATLAN TIC CITY

**Case Initiation Date:** 04/26/2024

**Attorney Name:** TED CONROY STRICKLAND JR

**Firm Name:** PENDER & STRICKLAND, LLC

**Address:** 1601 ATLANTIC AVE STE 700

ATLANTIC CITY NJ 08401

**Phone:** 6097101601

**Name of Party:** PLAINTIFF : DERESSA, THOMAS

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: THOMAS DERESSA?** NO

**Are sexual abuse claims alleged by: ERMIAS HAILE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/26/2024

Dated

/s/ TED CONROY STRICKLAND JR

Signed

# EXHIBIT B

THOMAS DERESSA, ET AL

Plaintiff

vs

HARRAH'S RESORT ATLANTIC CITY, ET AL

Defendant

2020509141218

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 857 24

**Person to be served** (Name and Address):
HARRAH'S RESORT ATLANTIC CITY
777 HARRAH'S BOULEVARD
ATLANTIC CITY  NJ  08401
**By serving:** HARRAH'S RESORT ATLANTIC CITY

**Attorney:** TEDDY C. STRICKLAND, JR., ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, DEMAND, CERTIFICATION, NOTICE TO PRODUCE

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**    [X] Served Successfully    [ ] Not Served

Date/Time:  5/10/2024 11:38 AM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

DINA BROWN

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: F   AGE: 36-50  HEIGHT: 5'4"-5'8"   WEIGHT: 100-130 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

10th day of May, 2024

Notary Signature _____

Rosemary Ramos           September 25th, 2028
Name of Notary           My Commission Expires

I, DAVID FILARSKI,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.



_____          05/10/2024
Signature of Process Server          Date

Name of Private Server: DAVID FILARSKI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT C

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY:  DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**CHARLES HOYT III, ESQUIRE**
**IDENTIFICATION NO.: 383942021**
**3 EXECUTIVE CAMPUS**
**SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**
**ATTORNEYS FOR DEFENDANT, HARRAH'S**
**ATLANTIC CITY OPERATING COMPANY, LLC**
**D/B/A HARRAH'S RESORT ATLANTIC CITY**

| | |
|---|---|
| **THOMAS DERESSA; ERMIAS HAILE,**<br><br>                              **PLAINTIFF,**<br><br>          **vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY; HADER RIVAR, JR.; JOHN DOES 1-10; ABC ENTITY (FICTITIOUS ENTITY); JANE DOES 1-10 (FICTITIOUS ENTITY); ABC PARTNERSHIPS 1-10(FICTITIOUS ENTITY); XYZ CORPORATIONS 1-10 AND ABC CORP. (1-10) (FICTITIOUS ENTITIES);**<br><br>                              **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – ATLANTIC COUNTY**<br><br>**DOCKET NO.  ATL-L-000857-24**<br><br>**Civil Action**<br><br>**DEFENDANT, HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant, Harrah's Atlantic City Operating Company. LLC d/b/a Harrah's Resort Atlantic City, (hereinafter named "Answering Defendant") denies each and every averment of Plaintiffs' Complaint and states more fully as follows:

**FIRST COUNT**

1.     The contents of this Paragraph do not contain an allegation that warrants a response from Answering Defendants. To the extent that the paragraph suggests any wrongdoing on behalf of Answering Defendant, it is denied in its entirety as a conclusion

of law.

2.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

3.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

4.      The averments of this paragraph constitute a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. To the extent a response is required, denied. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

5.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

6.      The averments of this paragraph constitute a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. To the extent a response is required, denied. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

7.      The averments of this paragraph constitute a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. To the extent a response is required, denied. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

8.      Denied. The averments of this paragraph constitute conclusions of law to

which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

9.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied. Strict proof thereof is demanded at the time of trial.

10.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

11.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

12.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

13.      Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.  Strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant demands judgment against Plaintiffs, dismissing the Complaint, together with costs and attorneys' fees.

## **SEPARATE DEFENSES**

## **FIRST SEPARATE DEFENSE**

Answering Defendant was not negligent.

## **SECOND SEPARATE DEFENSE**

Answering Defendant discharged each and every obligation which they owed to the Plaintiffs and otherwise the said Defendant owed no duty to the Plaintiffs.

### THIRD SEPARATE DEFENSE

The alleged injuries were not the proximate result of the acts or omissions of Answering Defendant.

### FOURTH SEPARATE DEFENSE

Plaintiffs are barred from recovery by their negligence and/or contributory negligence at the time described, said negligence being comparatively greater than the negligence of Answering Defendant.

### FIFTH SEPARATE DEFENSE

The negligence of Answering Defendant, if any, was the result of the acts or omissions of someone other than Answering Defendant and not under their control.

### SIXTH SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SEVENTH SEPARATE DEFENSE

The damages alleged in the Complaint are barred by the doctrine of entire controversy.

### EIGHTH SEPARATE DEFENSE

Plaintiffs are barred from recovery by avoidable consequences.

### NINTH SEPARATE DEFENSE

Plaintiffs are barred from recovery by the applicable statute of limitations and/or laches.

### TENTH SEPARATE DEFENSE

Answering Defendant is not liable to the Plaintiffs due to the fact that the alleged injuries and damages were the result of superseding and/or intervening acts of others over whom Answering Defendant had no control.

### ELEVENTH SEPARATE DEFENSE

Answering Defendant reserves the right to move to dismiss the Complaint due to insufficiency of process.

### TWELFTH SEPARATE DEFENSE

Any injuries or damages suffered by the Plaintiffs were the sole result of the negligence of third parties over whom Answering Defendant had neither control nor the duty to control or warn.

### THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because of improper service of process.

### FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because this Court lacks jurisdiction over the subject matter of this lawsuit.

### FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Answering Defendant did not create and/or maintain any condition which allegedly caused Plaintiffs' accident.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs have failed to diligently mitigate their damages and, therefore, is barred from receiving all or part of the relief requested in the Complaint.

### SEVENTEENTH SEPARATE DEFENSE

Answering Defendant owe no duty to Plaintiffs.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs are guilty of comparative negligence of a greater degree than the negligence of Answering Defendant, which is denied.

## NINETEENTH SEPARATE DEFENSE

Plaintiffs intentionally exposed themselves and/or their property to known hazards with foreknowledge of the probable results thereby barring or limiting Plaintiffs' claim.

## TWENTIETH SEPARATE DEFENSE

The doctrines of res judicata and collateral estoppel are applicable to Plaintiffs' claims.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs' claimed damages are so remote from the alleged tortious act that they should be barred.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiffs' claims require expert testimony.

## TWENTY-THIRD SEPARATE DEFENSE

At all times and places mentioned in the Complaint, Answering Defendant complied with all applicable laws, regulations, codes, ordinances, and standards.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiffs' damages are so speculative that they are inadmissible and the claim upon which they are based cannot be submitted to a jury.

## TWENTY-FIFTH SEPARATE DEFENSE

Answering Defendant reserves the right to amend their answer and to assert additional answers and/or supplements, alter or change this answer upon revelation of more definite facts during and/or upon the completion of further discovery and investigations.

### TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendant asserts that the Plaintiffs have filed claims within the Complaint that are frivolous in nature and violate the Frivolous Claim Act at NJSA 2A:15-59.1 and Answering Defendant hereby place Plaintiffs and counsel for plaintiffs upon notice of this allegation and Answering Defendant's intent to seek all of Answering Defendant's legal fees, costs and expenses from Plaintiffs and counsel from Plaintiffs at the conclusion of this lawsuit, pursuant to law.

### TWENTY-SEVENTH SEPARATE DEFENSE

The alleged damages sustained by Plaintiffs were the proximate result of acts and/or omissions of parties over which Answering Defendant exercised no control.

### TWENTY-EIGHTH SEPARATE DEFENSE

Any damages or injuries which may have been sustained by Plaintiffs were the result of an unavoidable accident insofar as the Answering Defendant is concerned.

### TWENTY-NINTH SEPARATE DEFENSE

Negligence, if any, on the part of Answering Defendant was not the proximate cause of any damages or injuries which may have been sustained by Plaintiffs.

### THIRTIETH SEPARATE DEFENSE

Answering Defendant did not breach any security or industry standards.

### THIRTY FIRST SEPARATE DEFENSE

Based on Plaintiffs' conduct, Answering Defendant acted reasonably against the use of unlawful force by Plaintiffs on the present occasion.

### THIRTY SECOND SEPARATE DEFENSE

Based on Plaintiffs' conduct, Answering Defendant acted reasonably to prevent or terminate what Answering Defendant reasonably believed to be the commission or attempted commission of a criminal trespass in or upon the premises.

### THIRTY THIRD SEPARATE DEFENSE

Based on Plaintiffs' conduct, Answering Defendant had a reasonable belief that third persons were subject to harm, that a use of force was immediately necessary and the amount of force used was appropriate under the circumstances.

### CROSSCLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANT, HADER RIVAR, JR.

Answering Defendant demands judgment against co-defendant, Hader Rivar, Jr. and in the alternative, for a proportionate share of any sums that may be adjudged against Answering Defendant pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A and the Comparative Negligence Act, N.J.S.A. 2A:15-5, et. seq.

**WHEREFORE**, these defendants demand judgment against the co-defendant, Hader Rivar, Jr. jointly and/or severally, for a proportionate share of any sums that may be adjudged against these defendants pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A and the Comparative Negligence Act, N.J.S.A. 2A:15-5, et seq. together with interest, fees, costs, and whatever other relief this Court deems just.

## CROSSCLAIM FOR INDEMNIFICATION AGAINST CO-DEFENDANT, HADER RIVAR, JR.

While denying liability to the Plaintiffs for the damages alleged, if judgment is recovered by the Plaintiffs against Answering Defendant, it is hereby asserted that Answering Defendant's negligence was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that the damages to the Plaintiffs arose through the direct and primary negligence of the co-defendant, Hader Rivar, Jr. or through breach of contract and Answering Defendant therefore demands judgment of indemnification from the co-defendant, Hader Rivar, Jr. for all sums as may be found due against Answering Defendant in favor of the Plaintiffs.

**WHEREFORE**, Answering Defendant demand judgment against co-defendant, Hader Rivar, Jr. jointly and/or severally, of common law and contractual indemnification for all sums as may be found due against Answering Defendant in favor of the Plaintiffs, together with interest, fees, costs, and whatever other relief this Court deems just.

## CROSSCLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANT, JOHN DOES 1-10

Answering Defendant demands judgment against co-defendant, John Does 1-10, and in the alternative, for a proportionate share of any sums that may be adjudged against Answering Defendant pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A and the Comparative Negligence Act, N.J.S.A. 2A:15-5, et. seq.

**WHEREFORE**, these defendants demand judgment against the co-defendant, John Does 1-10, jointly and/or severally, for a proportionate share of any sums that may be adjudged against these defendants pursuant to the Joint Tortfeasors Contribution Act,

N.J.S.A. 2A:53A and the Comparative Negligence Act, N.J.S.A. 2A:15-5, et seq. together with interest, fees, costs, and whatever other relief this Court deems just.

## **CROSSCLAIM FOR INDEMNIFICATION AGAINST JOHN DOES 1-10**

While denying liability to the Plaintiffs for the damages alleged, if judgment is recovered by the Plaintiffs against Answering Defendant, it is hereby asserted that Answering Defendant's negligence was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that the damages to the Plaintiffs arose through the direct and primary negligence of the co-defendant, John Does 1-10 or through breach of contract and Answering Defendant therefore demands judgment of indemnification from the co-defendant, John Does 1-10 for all sums as may be found due against Answering Defendant in favor of the Plaintiffs.

**WHEREFORE**, Answering Defendant demand judgments against co-defendant, John Does 1-10, jointly and/or severally, of common law and contractual indemnification for all sums as may be found due against Answering Defendant in favor of the Plaintiffs, together with interest, fees, costs, and whatever other relief this Court deems just.

## **ANSWER TO CROSSCLAIMS**

Answering Defendant hereby denies each and every allegation contained in any and all crossclaims asserted against Answering Defendant or to be asserted against Answering Defendant. Answering Defendant was guilty of no negligence, which was a proximate cause of the injuries and damages alleged. Answering Defendant hereby reserves the right to interpose such other defenses and objections as continuing discovery may disclose.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues involved herein.

## NOTICE PURSUANT TO RULES 1:51(A) AND 4:17-4(C)

Take notice that the undersigned attorney, counsel for Answering Defendant, does hereby demand pursuant to Rules 1:51(a) and 4:17-4(c) that each party herein serve pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney and take notice that this is a continuing demand.

## DEMAND FOR FORM INTERROGATORIES

Answering Defendant hereby requests Plaintiffs answer all questions in Form-A Uniform Interrogatories found in Appendix II of the rules governing the courts of the State of New Jersey within the time provided in accordance with R. 4:17-4. Answering Defendant further requests that all parties supply copies of any and all answers to interrogatories which are therefore provided to any and all other parties in this action. Please note this is a continuing request.

## DEMAND FOR INSURANCE COVERAGE

Please take notice that the Answering Defendant hereby requests that Plaintiffs shall furnish information concerning the existence and contents of any and all insurance agreements under which any insurance company may or shall be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify, or reimburse for payments made to satisfy the judgment, or for the payment of any medical fees or other reimbursements to any party to this action for injuries and damages alleged to have been

sustained herein This information shall include, name and address of insurance company; policy number; effective dates of the policy; policy limits and types of coverage available there under; separate claim number (if applicable); and legible copy of declaration page. This demand is made pursuant to R. 4:10-2 and 4:17-1 et seq.

## DESIGNATION OF TRIAL COUNSEL

Damian S. Jackson, Esquire is hereby designated as trial counsel on behalf of Answering Defendant at the trial of this action.

## CERTIFICATION PURSUANT TO RULE 4:6

I hereby certify that a copy of this Answer to Plaintiffs' Complaint has been served and filed within the time prescribed by Rule 4:6.

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

I certify that the foregoing statements made by me are true and accurate and I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


REILLY, MCDEVITT & HENRICH, P.C.

By: *Charles Hoyt*

Damian S. Jackson
Charles Hoyt III
Attorneys for Defendant
Harrah's Atlantic City Operating Company,
LLC, d/b/a Harrah's Resort Atlantic City

Dated: July 18, 2024

## <u>CERTIFICATION PURSUANT TO R. 4:6</u>

I hereby certify that a copy of this Answer to Plaintiffs' Complaint has been served

and filed within the time prescribed by <u>R</u>. 4:6.

**REILLY, MCDEVITT & HENRICH, P.C.**

By: *Charles Hoyt*
                Damian S. Jackson
                Charles Hoyt III
                Attorneys for Defendant
                Harrah's Atlantic City Operating Company,
                LLC, d/b/a Harrah's Resort Atlantic City

Dated: <u>July 18, 2024</u>

## PROOF OF MAILING

I, Damian S. Jackson, Esquire, attorney for Defendant Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City, do hereby certify that I caused the original of the within Answer to Plaintiffs' Complaint to be filed with the Superior Court of New Jersey, Atlantic County. I also certify that copies of the within Answer and this Certificate of Service were served upon the following parties/counsel by electronic filing and first-class regular mail, postage prepaid:

### Counsel for Plaintiffs
Teddy C. Strickland, Jr., Esquire
Pender & Strickland, LLC
1601 Atlantic Avenue, Suite 700
Atlantic City, New Jersey 08401

Hader G. Rivas, Jr.
5 Country Club Drive
Northfield, New Jersey 08225

**REILLY, MCDEVITT & HENRICH, P.C.**

By: *Charles Hoyt*

Damian S. Jackson
Charles Hoyt III
Attorneys for Defendant
Harrah's Atlantic City Operating Company,
LLC, d/b/a Harrah's Resort Atlantic City

Dated: July 18, 2024

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY: DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**CHARLES HOYT III, ESQUIRE**
**IDENTIFICATION NO.: 383942021**
**3 EXECUTIVE CAMPUS**
**SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**
**OUR FILE NO.: 279-1228**

**ATTORNEY FOR DEFENDANT,**
**HARRAH'S ATLANTIC CITY**
**OPERATING CO, LLC D/B/A**
**HARRAH'S ATLANTIC CITY**
**RESORT**

---

| | |
|---|---|
| **THOMAS DERESSA AND ERMIAS HAILE,**<br><br>**PLAINTIFF**<br><br>v.<br><br>**HARRAH'S RESORT ATLANTIC CITY;**<br>**HADER RIVAR; JOHN DOES 1-10; JANE**<br>**DOES 1-10; ABC PARTNERSHIPS 1-10;**<br>**XYZ CORPORATIONS 1-10**<br><br>**DEFENDANTS** | **STATE OF NEW JERSEY –LAW**<br>**DIVISION,  ATLANTIC   COUNTY**<br><br>**DOCKET NO.: ATL-L-857-24**<br>**STIPULATION EXTENDING TIME**<br>**FOR FILE A RESPONSIVE**<br>**PLEADING** |

It is hereby stipulated and agreed by and between attorney for Plaintiffs, Thomas Deressa and Ermias Haile and attorneyS for Defendant, Harrah's Atlantic City Operating Co, LLC d/b/a Harrah's Atlantic City Resort that the time within which Defendant, Harrah's Atlantic City Operating Co, LLC d/b/a Harrah's Atlantic City Resort may file and serve a responsive pleading to the Complaint by July 15, 2024.

**PENDER & STRICKLAND, LLC**          **REILLY, MCDEVITT & HENRICH, P.C.**

By: _____          By: _/s/Charles Hoyt, III_
   Teddy C. Strickland, Jr., Esq.              Damian S. Jackson, Esquire
   Attorney for Plaintiffs                        Charles Hoyt, III, Esq.
                                             Attorney for Defendant, Harrah's Atlantic
                                             City Operating, Co., LLC d/b/a Harah's
                                             Atlantic City Resort

Dated: June 17, 2024

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000857-24

**Case Caption:** DERESSA THOMAS  VS HARRAHS RESORT ATLAN TIC CITY

**Case Initiation Date:** 04/26/2024

**Attorney Name:** CHARLES HOYT III

**Firm Name:** REILLY MCDEVITT & HENRICH, PC

**Address:** 3 EXECUTIVE CAMPUS STE 310 CHERRY HILL NJ 08002

**Phone:** 8563177180

**Name of Party:** DEFENDANT : HARRAHS RESORT ATLANTIC CITY

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer W/CrossClaim W/Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: THOMAS  DERESSA?** NO

**Are sexual abuse claims alleged by: ERMIAS  HAILE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/18/2024
Dated

/s/ CHARLES HOYT III
Signed

# EXHIBIT D

# REILLY, McDEVITT & HENRICH, P.C.

<table>
<tr><td><b>PHILADELPHIA OFFICE</b><br>WIDENER BUILDING<br>SUITE 410<br>ONE SOUTH PENN SQUARE<br>PHILADELPHIA, PA 19107<br>(215) 972-5200<br>FAX: (215) 972-0405</td><td align="center"><b>ATTORNEYS AT LAW</b><br>SUITE 310<br>3 EXECUTIVE CAMPUS<br>CHERRY HILL, NJ 08002<br>————<br>(856) 317-7180<br>FAX: (856) 317-7188<br>www.rmh-law.com</td><td><b>DELAWARE OFFICE</b><br>1013 CENTRE ROAD<br>SUITE 210<br>WILMINGTON, DE 19805<br>(302) 777-1700<br>FAX: (302) 777-1705</td></tr>
</table>

Charles Hoyt, III
Member of the NJ and PA Bar
choyt@rmh-law.com

November 25, 2024

**_VIA EMAIL_**
Teddy C. Strickland, Jr., Esq.
Pender & Strickland, LLC
1601 Atlantic Avenue, Suite 700
Atlantic City, NJ 08401

**RE:    Thomas Deressa, et al. v.  Harrah's AC Operating, LLC, et al.
        Docket No.:   ATL-L-857-24**

Dear Mr. Strickland:

Reference is made to the above captioned matter. Our firm represents Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City. Pursuant to New Jersey Court Rule 4:5-2, please provide a written statement of the amount of damages claimed, within the statutory five-day period.

Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By:_____/s/Charles Hoyt_____
        Charles Hoyt, III, Esquire

CH/eko

# EXHIBIT E

## R<small>EILLY</small>, M<small>C</small>D<small>EVITT</small> & H<small>ENRICH</small>, P.C.

ATTORNEYS AT LAW
SUITE 310
3 EXECUTIVE CAMPUS
CHERRY HILL, NJ 08002

————

(856) 317-7180
FAX: (856) 317-7188
www.rmh-law.com

**PHILADELPHIA OFFICE**
W<small>IDENER</small> B<small>UILDING</small>
S<small>UITE</small> 410
O<small>NE</small> S<small>OUTH</small> P<small>ENN</small> S<small>QUARE</small>
P<small>HILADELPHIA</small>, PA 19107
(215) 972-5200
FAX: (215) 972-0405

**DELAWARE OFFICE**
1013 C<small>ENTRE</small> R<small>OAD</small>
S<small>UITE</small> 210
W<small>ILMINGTON</small>, DE 19805
(302) 777-1700
FAX: (302) 777-1705

Damian S. Jackson
Member of the NJ and PA Bar
djackson@rmh-law.com

December 2, 2024

**<u>VIA EMAIL</u>**
Teddy C. Strickland, Jr., Esq.
Pender & Strickland, LLC
1601 Atlantic Avenue, Suite 700
Atlantic City, NJ 08401
TSTRICKLAND@PENDERSTRICKLAND.COM; dfilling@penderstrickland.com

RE:    **Thomas Deressa, et al. v.  Harrah's AC Operating, LLC, et al.**
       **Docket No.:    ATL-L-857-24**

Dear Mr. Strickland:

A review of my file revealed that on November 25, 2024, along with Defendant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City's Answer to Plaintiffs' Complaint, demand for statement of damages was propounded upon your office. Please provide it within the next ten (10) days.

Please consider this as a good faith attempt in order to resolve the issues raised without the necessity of filing a motion, pursuant to the provisions of Rule 1:6-2(c).

Thank you for your attention to this matter.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By:    */s/ Damian S. Jackson*
       Damian S. Jackson, Esquire

DSJ\eko

# EXHIBIT F

| | |
|---|---|
| **THOMAS DERESSA AND ERMIAS HAILE,**<br><br>       **PLAINTIFFS,**<br><br>  **vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY; HADER RIVER, JR.; JOHN DOES 1-10; ABC ENTITY (FICTITIOUS ENTITY); JANE DOES 1-10 (FICTITIOUS ENTITY); ABC PARTNERSHIPS 1-10(FICTITIOUS ENTITY); XYZ CORPORATIONS 1-10 AND ABC CORP. (1-10) (FICTITIOUS ENTITIES);**<br><br>       **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.: ATL-L-857-24**<br><br>**Civil Action**<br><br>**ORDER** |

**THIS MATTER** having been submitted to the Court by Reilly, McDevitt & Henrich, P.C., attorneys for Defendants, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City pursuant to R. 1:6-2, and the Court having reviewed the moving papers, and any response thereto, and for GOOD CAUSE having been shown;

**IT IS** on this _25ʰ_ day of _April_, 2025,

**ORDERED** and **DECREED** that Plaintiffs shall serve responses to Defendant's Request for a Statement of Damages pursuant to New Jersey Court Rule 4:5-2 within ten (10) days of this Order; and it is

**FURTHER ORDERED** and **DECREED** that service of a copy of this Order shall be deemed effectuated upon all Counsel upon its successful posting to e-Courts.

_Ralph A. Paolone_
_____
Ralph A. Paolone, J.S.C.

> Having reviewed the above motion, I find it to be meritorious on its face and unopposed. Pursuant to R. 1:6-2, it therefore will be granted essentially for the reasons set forth in the moving papers.

# EXHIBIT G

Teddy C. Strickland, Jr., Esquire, ID#009712011
# PENDER & STRICKLAND, LLC
1601 Atlantic Avenue, Suite 700
Atlantic City, New Jersey 08401
(609) 710-1601
Attorney for Plaintiffs

| | |
|---|---|
| THOMAS DERESSA; ERMIAS HAILE,<br><br>　　　*Plaintiff,*<br><br>v.<br>HARRAH'S ATLANTIC CITY<br>OPERATING COMPANY, LLC D/B/A<br>HARRAH'S RESORT ATLANTIC CITY;<br>HADER RIVAR, JR.; JOHN DOES 1-10<br>(FICTITIOUS ENTITY); ABC ENTITY<br>(FICTITIOUS ENTITY); JANE DOES 1-10<br>(FICTITIOUS ENTITY); ABC<br>PARTNERSHIPS 1-10; XYZ<br>CORPORATIONS 1-10 AND ABC CORP.<br>(1-10) (FICTITIOUS ENTITY);<br><br>　　　*Defendants.* | *STATE OF NEW JERSEY*<br>*SUPERIOR COURT CIVIL DIVISION*<br>*ATLANTIC COUNTY*<br><br><br>Docket No.: ATL-L-857-24<br><br><br>**STATEMENT OF DAMAGES** |

COUNSEL:

     Plaintiff responds to Defendant's Request for Statement of Damages as follows:

**$350,000.00**

     Please be advised that this response shall not in any way limit the ability of Plaintiff to recover damages above and beyond the stated amount. See Lang v. Baker, 101 N.J. 147 (1985).

                     PENDER & STRICKLAND, LLC

          By:   *Teddy C. Strickland, Jr.*
                  Teddy C. Strickland, Jr., Esquire
                  Attorney for plaintiff

Dated: 05/09/25

# EXHIBIT H

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY:  DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**BY:  CAROLYN T. GRIFFIN, ESQUIRE**
**IDENTIFICATION NO.: 328652020**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**PHONE: (856) 317-7180**
**ATTORNEYS FOR DEFENDANT,**
**HARRAH'S ATLANTIC CITY OPERATING**
**COMPANY, LLC D/B/A HARRAH'S RESORT**
**ATLANTIC CITY**

|  |  |
|---|---|
| **THOMAS DERESSA AND ERMIAS HAILE,**<br><br>**PLAINTIFFS,**<br>**vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY; HADER RIVER, JR.; JOHN DOES 1-10; ABC ENTITY (FICTITIOUS ENTITY); JANE DOES 1-10 (FICTITIOUS ENTITY); ABC PARTNERSHIPS 1-10(FICTITIOUS ENTITY); XYZ CORPORATIONS 1-10 AND ABC CORP. (1-10) (FICTITIOUS ENTITIES);**<br><br>**DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.  ATL-L-0857-24**<br><br>**PRAECIPE TO FILE NOTICE OF REMOVAL** |

**TO:**  Teddy C. Strickland, Esquire          Clerk, Law Division
        Pender & Strickland, LLC             Atlantic County Superior Court
        1601 Atlantic Ave, Suite 700         1201 Bacharach Boulevard
        Atlantic City, NJ 08401              Atlantic City, NJ
                                             New Jersey 08401

     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sect. 1446, Harrah's Atlantic City

Operating Company, LLC d/b/a Harrah's Resort Atlantic has, on June 6, 2025, filed its Notice of

Removal, a copy of which is attached hereto, in the office of the Clerk, United States District Court

for the District of New Jersey, Camden Vicinage, Mitchell H. Cohen Building & U.S. Courthouse,

4th & Cooper Streets, Camden, New Jersey 08101.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

Dated:  June 6, 2025                         By: _/s/ Damian S. Jackson_
                                                        **Damian S. Jackson, Esq.**
                                                         Carolyn T. Griffin, Esq.
                                                         *Attorneys for Defendant, Harrah's Atlantic*
                                                         *City Operating Company, LLC d/b/a Harrah's*
                                                         *Resort Atlantic City*